IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARVEY LUTHER TEEL, | § | |
| #1956147, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-1471-C-BK |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Div. | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Petitioner Harvey Luther Teel ("Teel") was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

**I.    BACKGROUND**

In July 2013, Teel was indicted in Hunt County on four counts of Aggravated Assault of a Child, three counts of Indecency with a Child, and one count of Continuous Sexual Abuse of a Child. Doc. 17-19 at 9-13 ("*Indictment*"). He entered an open guilty plea to the court on the Continuous Sexual Abuse of a Child charge and was sentenced to 40 years' confinement. *State v. Teel*, No. 29,136, Doc. 17-19 at 122 ("*Judgment of Conviction*") (196th Dist. Ct., Hunt Cty, Aug. 14, 2014), *aff'd* No. 06-14-00161-CR, 2015 WL 3918180, at *1 (Tex. App.—Texarkana, June 26, 2015, pet. ref'd); Doc. 17-13. Subsequently, the Texas Court of Criminal Appeals denied state habeas relief without issuing a written order. *Ex Parte Teel*, No. WR-85-974-01, Doc. 17-12 at 1 (Tex. Crim. App. May 3, 2017).

In his timely federal petition, Teel claims ineffective assistance of counsel and prosecutorial misconduct. Respondent argues that Teel's claims lack merit.

## II.    STANDARD OF REVIEW

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court re-litigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102). Consequently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *see also Premo v. Moore,* 562 U.S. 115, 125 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). The Court need not address both components if the petitioner makes an insufficient showing on one. *Strickland*, 466 U.S. at 697.

To prove deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 688. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . [or that] under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal citation omitted). To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### III.     ARGUMENTS AND ANALYSIS

Teel alleges that his guilty plea was the product of ineffective assistance of counsel, because his trial counsel: (1) did not insist that the prosecution read the indictment, (2) did not have command of the facts of the case or the law, and (3) "coerced" him into pleading guilty by assuring him that the judge would hand down a minimum sentence.  Doc. 3 at 6, 11; Doc. 4 at 3, 13.  Specifically, Teel asserts that if the indictment had been read aloud, and if his trial counsel "would not have had him plead guilty," he would have had a "better chance at getting [the charges] dismissed at trial."  Doc. 4 at 15.  Teel further alleges that his guilty plea was involuntary because it "was induced by the erroneous and misleading information" that the judge would issue a lenient sentence.  Doc. 4 at 15.

The rules governing habeas corpus proceedings provide that—

> [i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  Here, the state habeas court's factual findings contradict Teel's claims and are entitled to a presumption of validity.  However, Teel has failed to offer clear and convincing evidence to rebut that presumption.  Relying on the trial transcript, Doc. 19-7, and trial counsel's affidavit, Doc. 17-16 at 23-26, the state habeas court found:

> 7. On June 23, 2014, after being fully admonished by Presiding Judge Steve Tittle, Applicant voluntarily and knowingly pled guilty to Count One in Cause No. 29,136 in the 196th District Court of Hunt County, Texas.
>
> 8. On June 23, 2014, Applicant was informed by Judge Tittle that the possible range of punishment for the offense of Continuous Sexual Abuse of a Young Child was a minimum of 25 years in the Texas Department of Corrections up to 99 years or life.

> 9. On June 23, 2014, in the written plea admonishments, Applicant initialed that he understood the possible range of punishment and that his plea of guilty was not influenced by any advice or information delivered by the Court or defense counsel.
>
> 10. On June 23, 2014, Applicant knowingly and voluntarily waived his right to a jury trial, signed a judicial confession, and signed an Agreed Punishment recommendation which stated there was no plea agreement in Cause No. 29,136.
>
> ***
>
> 12. Applicant was informed by [defense counsel] of the benefits and risks of entering a guilty plea in Cause No. 29,136, prior to entering his guilty plea.
>
> 13. On August 4, 2014, formal sentencing before Visiting Judge Scott McDowell in Cause No. 29,136 was delayed until August 14th due to Judge Tittle's resignation on August 1, 2014.
>
> 14. On August 14, 2014, Visiting Judge Scott McDowell presided over formal sentencing in Cause No. 29,136 and considered three exhibits introduced into evidence by the State: PSI report, CAC Interview of the child victim, and an audio recording of the Applicant.
>
> ***
>
> 16. After duly considering all the evidence and arguments, Judge McDowell sentenced Applicant to 40 years in the Texas Department of Corrections, within the proper range of punishment.
>
> 17. Despite Applicant's sworn assertion that appointed Counsel was guaranteed a minimum sentence if he pled guilty, there is nothing in the record to support this.
>
> 18. Despite Applicant's sworn assertion that appointed Counsel would receive more lenient punishment from Judge Tittle due to family connections, there is no evidence to support this claim nor any evidence to show Judge McDowell was not impartial or was biased towards the Applicant.
>
> 19. Applicant received effective assistance of counsel from Mr. David Couch.
>
> 20. Applicant's plea of guilty in the Cause No. 29,136 was voluntary and he understood the result of his open plea as well as the possible range of punishment.

Doc. 17-16 at 29-30 (*Findings of Fact & Conclusions of Law*).

### A. Involuntary Plea

As to Teel's assertion that his counsel's "coercion" resulted in an involuntary guilty plea, the state court record provides evidence to the contrary. "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Moreover, a guilty plea is knowing, voluntary, and intelligent if it is made with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-750 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

The record reflects that Teel was adequately informed about the nature of the charge against him and its potential consequences, and thus his plea was knowing and voluntary. *Brady*, 397 U.S. at 749-750. Teel signed *Written Plea Admonishments*, acknowledging that he was charged with a first degree felony, for which the statutory sentencing range was 25-to-99 years in prison, Doc. 19-12 at 4, and was admonished in open court regarding the same; and he also affirmed orally that his guilty plea was knowingly, voluntarily and competently made. Doc. 19-7 at 7-8, *Plea Hr'g Tr.*; Doc. 17-16 at 29. These official court records "are accorded great evidentiary weight" on habeas review. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (citations omitted). Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-284 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."). Teel offers only his current, self-serving assertions and points

6

to nothing in the record that demonstrates he was not informed of the plea's consequences, However, his bare allegations simply do not overcome the deference accorded to the court records and his own in-court declarations.

Teel only offers what is best described as "buyer's remorse," averring that he "would have had a better chance of getting [the charges] dismissed in the trial of his case." Doc. 4 at 15. A "plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). As such, Teel has failed to establish that his guilty plea was coerced and thus involuntary. *See United States v. Mackay*, No. 3:04-CV-0413-D, 2007 WL 700895, at *17 (N.D. Tex. Mar. 6, 2007) (Fitzwater, J.) ("Conclusory allegations of coercion do not suffice to render a guilty plea involuntary") (citations omitted).

### B. Ineffective Assistance of Counsel

Regarding his ineffective assistance of counsel claim, the habeas court found that: (1) trial counsel did render effective assistance by adequately informing Teel of the benefits and risks of pleading guilty, and (2) there was "nothing in the record to support" Teel's assertion that counsel guaranteed him a minimum sentence. Doc. 17-16 at 30; Doc. 17-16 at 25 (affidavit). Teel offers only conclusory allegations that he would not have pleaded guilty (1) if the indictment was read aloud, and (2) if counsel had advised him that the Continuous Sexual Abuse count would "over ride [sic] all the other counts." Doc. 3 at 6; Doc. 4 at 14. Teel's averments alone fail to overcome the presumption of correctness afforded the state court's findings.

And as to the prejudice prong, Teel has plainly failed to allege, much less show, that he would have insisted on going to trial, and that a trial "would have given him a reasonable chance of obtaining a more favorable result." *United States v. Shepherd*, 880 F.3d 734, 743 (5th Cir.

2018) (quoting *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc)). It is Teel's burden to establish the probability of a different outcome, and he makes no attempt to show that he was likely to succeed at trial. *See King v. Davis*, ___ F.3d ___, 2018 WL 3715589, at *3 (5th Cir. Aug. 3, 2018) (petitioner's failure "to allege that going to trial would have given him a reasonable chance of obtaining a more favorable result . . . [was] fatal to his claim"). Teel also offers no rational explanation for his purported desire to proceed to trial and risk conviction and sentencing on eight felony counts, instead of just the one to which he pled guilty. *See Batamula*, 823 F.3d at 241; *see also United States v. Kayode*, 777 F.3d 719, 726 (5th Cir. 2014) ("In assessing whether a reasonable defendant would have rationally chosen to go to trial under the circumstances, we also consider the risks faced by a defendant in selecting a trial rather than a plea bargain.").

In sum, by his bare assertions, Teel has wholly fail to show that counsel's conduct was deficient or that he was prejudiced as a result. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (conclusory allegations of deficient performance or prejudice are insufficient to meet the *Strickland* test); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (citations omitted) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."). As such, Teel has not demonstrated that the state court's decision rejecting his claim for ineffective assistance of counsel was an unreasonable application of clearly established federal law or unreasonable in light of the evidence. 28 U.S.C. § 2254(d). Accordingly, his claim fails.

### C. Prosecutorial Misconduct

As best as the Court can comprehend from his pleadings, Teel also alleges that the prosecution committed error (1) by presenting the case to the grand jury without calling him as a

witness, and (2) by "drop[ping] the other 7 counts if he would plead guilty to the Continuous Sexual Abuse of a Child." Doc. 3 at 6; Doc. 4 at 5, 11-14. However, Teel's voluntary and knowing guilty plea, discussed *supra*, waives these claims. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (guilty plea waives all non-jurisdictional defects in proceeding except for claims of ineffective assistance of counsel relating to the voluntariness of the plea) (citations omitted); *Murray v. Collins*, 981 F.2d 1255 (5th Cir. 1992) (per curiam) (holding guilty plea waived prosecutorial misconduct claim). Therefore, the state court's determination that Teel's claim of prosecutorial misconduct lacked merit was not contrary to, or an unreasonable application of, clearly established federal law.

## IV.    EVIDENTIARY HEARING

Teel apparently requests an evidentiary hearing. Doc. 4 at 2-3. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). Here, as in *Pinholster*, the petition concerns only claims under Section 2254(d)(1) that were adjudicated on the merits in state court. Teel cannot overcome the limitation of Section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## V.    CONCLUSION

In light of the foregoing, the *Petition for Writ of Habeas Corpus* should be **DENIED.**

**SO RECOMMENDED** on August 13, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

10